LAWRENCE, Judge,
dissenting.
I respectfully dissent. Defendant Archie filed a motion to dismiss pursuant to Rule 3.190(c)(4), Florida Rules of Criminal Procedure. The State timely filed a traverse, placing material facts in dispute. The traverse provided in part as follows:
3. With regards to Paragraph 10 of the Defendant’s Motion, the State would say that there are material facts in dispute.
*349 4. There are additional facts in that a passenger who was in the car with the defendant and rode over to the area with the Defendant will say the gun was not visible while he was in the car. Also, the Defendant indicated to the police that the gun was his and that he had fired the shots. Therefore, that would indicate the Defendant had the gun concealed prior to the actual shooting.
The traverse was sufficient to affirm the trial judge’s order denying the motion.
In addition, the defendant’s motion failed to comply with the requirements of the rule that “[t]he facts on which such motion is based should be specifically alleged and the motion sworn to.” Fla.R.Crim.P. 3.190(c)(4). Archie’s motion merely contains a certificate by a notary public that “[t]he foregoing instrument was acknowledged before me this 22nd day of March, 1994, by Antonio Archie, who is personally known to his attorney and who did take an oath.” An “acknowledgment,” even under oath, is nothing more than a confirmation by Archie that the signature is genuine. It is not equivalent to swearing under oath that the facts alleged are true and correct. Archie’s motion to dismiss is facially insufficient and cannot serve as grounds for vacating the judgment and sentence for attempted concealment of a firearm.
I would affirm the judgment and sentence.